## Jones' Admr. v. Richardson.

(Decided October 22, 1912.)

### Appeal from Fayette Circuit Court.

Finding lof Chancellor—Evidence.—Evidence examined and held to support the judgment of the chancellor finding that the notes in controversy were justly owing by the estate, they were asserted against.

J. A. CHILES for appellant.

J. T. CLAY for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

After the death of Kitty P. Jones, who died in 1910, this action was brought to settle her estate by the appellee, Julia Richardson. In her petition the appellee set up four notes, one for $100, dated Oct. 2, 1902, another for $200, dated Dec. 12, 1902, one for $200, dated Aug. 29, 1903, and one for $100, dated Oct. 17, 1903, and asked for judgment for the amount of these notes, subject to a few small credits on the first mentioned note.

To this suit the administrator of Kitty P. Jones filed his answer, denying that his intestate executed or delivered either of the notes sued on. In an amended answer he set up that the note for $100. dated Oct. 2, 1902, was merged into the note for $200, dated Dec. 12, 1902, and that this note was satisfied by the execution of the note for $200, dated Aug. 29, 1903, and that this last mentioned note was reduced by payments to $100, for which the note dated Oct. 17, 1903, was executed, the substance of this defense being that only $100 was due on these notes.

After the pleadings had been made up Julia Richardson by agreement gave her deposition in the case and testified that the notes sued on were executed to her by Kitty P. Jones for money borrowed from her by Kitty P. Jones. She further related the time, place and circumstances surrounding the lending of the money and the execution of the notes, and described the sources from which she secured the money so lent. It was also developed in her examination that in a divorce suit against her husband she made affidavit in 1907 that she did not own any property and that in 1904 she made an-

other affidavit in some proceeding, setting out all the property she owned, but not making any mention of these notes. She stated the reason she did not mention these notes was that she did not know whether they were collectible or not or whether she would ever get anything on them. She also proved by Margaret Demas the lending of the money and the execution of the notes. There was also introduced the bank account of Julia Richardson, showing that in 1901 and in the early part of 1902 she deposited in the bank $600 and witness related the sources from which this $600, as well as other money in the possession of Julia Richardson about this time, had been obtained.

Other evidence was taken in the case, but it does not seem to throw much light on the issues made by the pleadings. Julia Richardson had possession of the notes. Both she and Margaret Demas testified that the notes were executed by Kitty P. Jones, and that the money for which they were executed was paid to her, and there is no substantial contradiction of this evidence. In the examination of Julia Richardson it was developed that Kitty Jones had executed a note for $600 in place of the four notes for this amount, but this note was not accepted by the payee in lieu of the other notes and she had the right to sue on the four notes. The Master Commissioner of the Fayette Circuit Court, to whom the case was referred for settlement, reported these notes as a just claim against the estate of Kitty P. Jones, and the chancellor found that they were just debts.

A careful and thorough examination of the record satisfies us that the judgment of the lower court was correct, and it is affirmed.